**Opinion issued December 5, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01137-CR

———————————

**Christopher Charles King, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 64792

## MEMORANDUM OPINION

Appellant, Christopher Charles King, pleaded guilty to the offense of Driving While Intoxicated, 3rd Offense, with an agreed recommendation from the State regarding punishment. Appellant entered an agreed recommendation that adjudication be deferred and appellant was placed on community supervision for 5

years and received a $500.00 fine. Following a hearing on State's Petition for Revocation of Probated Sentence on alleged violations of probation, the trial court revoked appellant's probation and sentenced him to 5 years with the Texas Department of Criminal Justice.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed us that he has delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has filed a response that raises no potential points of reversible error.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (reviewing court must determine whether arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Keith G. Allen must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).